IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN R. CASTILLO DE LOS SANTOS,

    Petitioner

v.

CIVIL NO. **98-1717 (DRD)**
**Crim. 95-284 (DRD)**

UNITED STATES OF AMERICA,

    Respondent

# REPORT AND RECOMMENDATION

Above petitioner has filed a motion for post conviction relief pursuant to 28 U.S.C. §2255. He claims ineffective assistance of counsel for failure to present a witness to establish his defense in a controlled substance offense. Petitioner also claims the sentencing court did not grant a decrease in his sentencing level for acceptance of responsibility. Having examined the available record and all documents, this magistrate considers the petition is not meritorious and fails to meet the criteria to establish a claim of ineffective assistance.

Defendant was initially arrested for the importation and possession of 117,850 units of anabolic steroids on a vessel he admitted being the captain and co-owner during a trip from the Dominican Republic to Puerto Rico. He initially admitted to the steroids and seemly cooperated with the law-enforcement authorities to identify the recipient of said substances, which was fruitless. However, a subsequent search of the vessel found cocaine secluded in the water tanks, and defendant together with another codefendant and co-owner also present therein, were charged with a drug-trafficking offense related to the 24.75 kilograms of cocaine

in addition to the 117,850 units of anabolic steroids, insofar as both their possession and importation. They pleaded not guilty to all the charges and went to trial, which concluded with a jury conviction of all counts that were subsequently affirmed on appeal to violations of 21 U.S.C. §841(a)(1), 952 (b), 955, and the forfeiture count for the vessel.

The alleged ineffectiveness of counsel was the failure to consider and to follow the defendant's own version of the case. The defense witness propounded by petitioner, identified as Nito Coplin, would have corroborated the defendant's own testimony and the codefendant's statements during trial that notwithstanding his position as captain of the vessel and the government's evidence as to the exercise of control thereof, defendant's job was only to navigate the vessel after it had been loaded. In addition, Mr. Coplin had been the individual who law-enforcement officers used in the attempt to contact the alleged recipient of the steroids.

Petitioner also claims that he had initially cooperated fully with the government and law-enforcement authorities in regard to the anabolic steroids and should have been granted a three-point reduction for acceptance of responsibility. Still, the record reflects that petitioner pleaded not guilty to all charges, including the steroids, as well as to the controlled substances and proceeded to go to trial.

The government submitted its reply that both defendants took the stand during trial to present their version of the facts as to which the jury assessed proper credibility. The decision not to call additional witnesses should be considered a strategic plan of the defense and not a deprivation of a fair trial.

The guaranteed right to effective assistance of counsel of the Sixth Amendment requires that counsel offers reasonable assistance under the circumstances. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). In affirming his conviction, the Court of Appeals for the First Circuit examined all the evidence related to this defendant's participation in the joint venture with a codefendant in the purchase and handling of the vessel Miss Gina, the condition of the fresh paint evident to the naked eye and the loose nuts and bolts in the water tanks where the drugs were secluded. There was some financial evidence of the accumulated debts of the vessel and the defendants' unreported income, of the vessel being operated seemly on a loss and that substantial expenses were paid in small denominations of cash. There was also direct and impeaching testimony of the defendant as to the recently painted, still sticky, hatches of the vessel either during or just prior to leaving the Dominican Republic to Puerto Rico which he claimed not having observed. The Appeals Court found the evidence that defendants knew that the cocaine was in the water tank not overwhelming but sufficient. The value of the controlled substance supported an inference of knowledge since it was unlikely the owner of a valuable cargo would stow it in a vessel without the knowledge of the vessel's captain, in addition to the partnership relation that existed between the defendants as to the ownership and operation of the vessel.

The petitioner's claims of ineffective assistance for the alleged failure to call one witness, serves little to disregard all other evidence as insignificant. For an ineffective claim to proceed, petitioner must meet the burden of establishing that indeed there was materially favorable evidence that counsel failed to use. To be material, such evidence should be reasonable considered to have an effect in the outcome of trial. United States v. Porter, 924

F.2d 395 (1st Cir. 1991). A petitioner bears a very heavy burden on an ineffective claim, wherein district courts are to evaluate the alleged conduct from counsel's perspective at the time, further considering the totality of the circumstances. <u>Strickland</u>, supra; <u>Perron v. Perrin</u>, 742 F.2d 669, 673 (1st Cir. 1984). There is a strong presumption that counsel acted within the range of professional assistance. In addition to establish such a deficient performance, the actions of counsel must be so prejudicial as to undermine confidence in the outcome of trial and the fundamental fairness of the result. <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 113 S.Ct. 838 (1993). Even a decision to interview potential witnesses must be evaluated, in light of whatever trial strategy, reasonable competent counsel devised in the context of a particular case and the final decision to call or not a particular witness is considered strategic. <u>Cepulonis v. Ponte</u>, 699 F.2d 573, 575 (1st Cir. 1983). Counsel need not chase will geese when it appears, in light of informed professional judgment, that a defense is implausible or unsubstantial as a matter of law or one that merely raises credibility or corroborating issues. <u>Lema v. United States</u>, 987 F.2d 48, 51 (1st Cir. 1993).

The perusal of the procedural record in petitioner's case hardly follows a conclusion of inaction of counsel, of being unprepared for jury trial or having no trial experience. It is for a criminal defendant seeking *habeas* relief to demonstrate that his attorney's performance was unreasonably deficient and that he was prejudiced as a result of it. <u>Scarpa v. Dubois</u>, 38 F.3d 1, 8 (1st Cir. 1994). The court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance and must make every effort to eliminate distorting effects of hindsight as to counsel's action.

Considering the above discussed, this magistrate opines that petitioner has failed to meet the requisites for a claim of ineffective assistance of counsel.

As to the three-point reduction in the defendant's sentence, the government states that defendant, who pleaded not guilty to all charges, forced the government to prove his factual guilt at trial, and should not be entitled to a reduction for acceptance of responsibility. Defendant claimed he had accepted responsibility in regard to the anabolic steroid charges from the onset. In a similar case, a defendant who had agreed to his guilt as to controlled substance but not to a firearm charge in the indictment went to trial due to the government's refusal to dismiss the firearm charges. After conviction, the Court of Appeals for the First Circuit affirmed he was not entitled to the reduction for acceptance of responsibility since defendant could have pleaded guilty to some charges and not to others, instead of attempting to preserve his chance of acquittal in both instances. United States v. De Leon Ruiz, 47 F.3d 452 (1st Cir. 1995).

The reduction allowed by the Sentencing Guidelines for acceptance of responsibility (U.S.S.G. §3E1.1) serves a dual purpose of recognizing a defendant's sincere remorse and reward a defendant for saving the government from the trouble and expenses of going to trial.[1] It is not available regularly to a defendant who even remorseful, has put the government to its proof. United States v. Bennett, 37 F.3d 687, 696-98 (1st Cir. 1994); United States v. Muñoz, 36 F.3d 1229, 1236 (1st Cir. 1994). Since it is for a defendant to bear the burden of proving entitlement to a decrease in the offense level, including downward

---

[1] Defendants greatly diminished their chances for receiving this adjustment by pleading not guilty and proceeding to trial. United States v. Rosario Peralta, 199 F 3d 552 (1st Cir. 1999).

AO 72
(Rev 8/82)

departure for acceptance of responsibility,[2] this magistrate finds the petitioner has failed to do so. United States v. Gonzales, 12 F.3d 298, 300 (1st Cir. 1993).

It is thus recommended that the petition be DISMISSED.

**IT IS SO RECOMMENDED.**

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

San Juan, Puerto Rico, September 15, 2000.

J. ANTONIO CASTELLANOS
UNITED STATES MAGISTRATE JUDGE

---

[2] "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse". U.S.S.G. §3E1.1, Application Note 2.