# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JUAN CASTILLO DE LOS SANTOS,
v.                                                    **Case Number: 98-1717 (DRD)**
UNITED STATES OF AMERICA

## ORDER

On May 12, 1999, the Court referred this case to U.S. Magistrate J. Antonio Castellanos for a Report and Recommendation ("MRR") on the disposition of the petitioner's Motion to Vacate, Set Aside, and Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (Docket No. 1). Local Rule 504(3); Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate filed his corresponding MRR on September 26, 2000, recommending that petitioner's motion be **dismissed**. (Docket No. 9). On October 23, 2000, petitioner filed a motion requesting the Court an extension of time to object to the MRR. (Docket No. 10). Finally, on February 16, 2000, petitioner filed his objections. (Docket No. 12).

The MRR correctly and clearly points out that any objections to the MRR must be filed with the Clerk of Court "within ten (10) days afer being served with a copy thereof." Local Rule 510.2; see Local Rule 510.2(A); see also 28 U.S.C. § 636(b)(1). Further, the "written objections [] shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Local Rule 510.2. "Failure to file objections within the specified time waives the right to appeal the District Court's order." Local Rule 510.2(A); see United States v. Mitchell, 85 F.3d 800, 803 (1st Cir. 1996); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986). "Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), cert. denied, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[objection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

In this case, the report was issued by the Magistrate Judge Castellanos on September 15, 2000. (Docket No. 9). However, petitioner filed a motion requesting an extension of time to object on October 23, 2000, more than a month after the MRR was issued, and after the ten (10)

day period prescribed under Local Rule 510.2 for filing of objections. (Docket No. 10). Additionally, petitioner finally filed the objection on February 16, 2001, more than four months after the MRR was issued. (Docket No. 12). The Court finds that petitioner's objections to the MRR are untimely pursuant to Local Rule 510.2. Further, even if the Court considers petitioner's objections, the Court would reach the same conclusions as the magistrate judge. First, petitioner did not meet the heavy burden of proving a claim of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838 (1993); Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993). Second, as to the three-point reduction in defendant's sentence, the Court adopts the Magistrate Judge and the First Circuit Court of Appeals' findings that petitioner is not entitled to a reduction in sentence points for accepting responsibility, "since defendant could have pleaded guilty to some charges and not to others, instead of attempting to preserve his chance of acquittal in both instances." (Docket No. 9). Wherefore, the Magistrate's Report and Recommendation is **ADOPTED** *in toto* and thus, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, and correct sentence is **DENIED**. Judgment shall be entered accordingly.

Petitioner filed on October 23, 2000, a Motion to Amend Habeas Corpus Pursuant to Title 28 U.S.C. § 2255. (Docket No. 11). In the motion, petitioner avers that the issues of Fifth and Sixth Amendment constitutional violations should be included in his motion under 28 U.S.C. § 2255 because evidence of quantity of drugs in this case was taken away from jury determination. (Docket No. 11). In aid of his averments, petitioner refers the Court to the cases of Apprendi v. New Jersey, __ U.S. __, 120 S.Ct. 2348 (2000) and Jones v. United States, 526 U.S. 227 (1999), which stand for the proposition that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362-63. Petitioner avers that the issue of the amounts of drugs in the vessel should have been sent to the jury. However, in United States v. Houle, 237 F3. 71, 80 (1st Cir. 2001), the First Circuit recently held that "no Apprendi violation occurs within the statutory maximum, regardless that drug quantity was never determined by the jury beyond a reasonable doubt." See United States v. LaFreniere, 236 F.3d 41, 50 (1st Cir. 2001) (holding that no Apprendi violation occurs when the district court sentences the defendant within the statutory maximum, regardless that drug quantity was never determined by the jury beyond a reasonable doubt."). Petitioner was sentenced within the statutory maximum of ten years to life (21 U.S.C. § 841(b), 24.75 kilograms of cocaine). Therefore, petitioner's arguments in support of the request to amend the 28 U.S.C. § 2255 motion are without merit. Accordingly, petitioner's Motion to Amend Habeas Corpus Pursuant to Title 28 U.S.C. § 2255 is hereby **DENIED**.

IT IS SO ORDERED.

Date: February 27, 2001.                                    **DANIEL R. DOMINGUEZ**
                                                            **U.S. District Judge**

Page 2