UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN CASTILLO DE LOS SANTOS,
Petitioner,

v.                                              Case Number: 98-1717 (DRD)

UNITED STATES OF AMERICA,
Respondent.

## ORDER

    Pending before the Court is Juan Castillo de los Santos' request for a Certificate of Appealability of this Court's February 27, 2001 decision dismissing with prejudice his Motion to Vacate, Set Aside, and Correct Sentence Pursuant to Title 28 U.S.C. § 2255. (Docket No. 16). For the following reasons, petitioner's request for a Certificate of Appealability is **DENIED**.

    First, petitioner Castillo de los Santos has waived his right to review on appeal pursuant to relevant jurisprudence. See Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, nevertheless, "he was not entitled to a de novo review of an argument never raised"). On May 12, 1999, the Court referred this case to U.S. Magistrate J. Antonio Castellanos for a Report and Recommendation ("MRR") on the disposition of the petitioner's Motion to Vacate, Set Aside, and Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (Docket No. 1). An MRR was issued by the Magistrate Judge on September 26, 2000. (Docket No. 9). However, petitioner filed a motion requesting an extension of time to object on October 23, 2000, more than a month after the MRR was issued, and after the ten (10) day period prescribed under Local Rule 510.2 for filing of objections. See Local Rule 504(3); Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Therefore, petitioner waived his right to review of the MRR and precluded those claims not preserved by the objection on appeal. See Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). Notwithstanding, the Court on its own motion addressed petitioner's objections and allegations on the merits and found petitioner's averments to be unpersuading.

    Second, the Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), issue presented in the Addendum to Notice of Appeal in support of petitioner's request for a Certificate of Appealability has been presented and clearly decided by the First Circuit Court of Appeals. Moreover, the Magistrate Judge as well as the District Judge carefully followed such jurisprudence in adjudicating petitioner's motion under 28 U.S.C. § 2255. Specifically, as to the applicability of Apprendi, in United States v. Houle, 237 F3. 71, 80 (1st Cir. 2001), the First Circuit recently held that "no Apprendi violation occurs within the statutory maximum, regardless that drug quantity was never determined by the jury beyond a reasonable

doubt." See United States v. LaFreniere, 236 F.3d 41, 50 (1st Cir. 2001) (holding that no Apprendi violation occurs when the district court sentences the defendant within the statutory maximum, regardless that drug quantity was never determined by the jury beyond a reasonable doubt."). Petitioner was sentenced within the statutory maximum of ten years to life under 21 U.S.C. § 841(b) (for 24.75 kilograms of cocaine). In light of the aforementioned, it is clear to this Court that there is no Apprendi violation present in this case. Accordingly, petitioner's request for a Certificate of Appealability is hereby **DENIED**.

    IT IS SO ORDERED.

Date: May _17_, 2001.

                                                    DANIEL R. DOMINGUEZ
                                                  U.S. District Judge